■ ELSA BODENSTADT, Individually and as Administratrix of the Estate of RICHARD BODENSTADT, Deceased, Respondent, v. PARKE, DAVIS & COMPANY, Appellant, et al., Defendants.— Action to recover damages for wrongful death and for conscious pain and suffering based on the alleged negligence of appellant in manufacturing and placing on the market an inherently dangerous drug. Appellant, a Michigan corporation, is licensed to do business in New York State and has an office in New York County. The appeal is from an order denying a motion to vacate respondent's notice to examine appellant before trial and directing it to appear for examination before trial in Kings County by its officers or employees familiar with the facts and to produce upon such examination its records relating to the matters in controversy for all relevant purposes, pursuant to section 296 of the Civil Practice Act. Order modified by providing that the examination shall take place in Detroit, Michigan, by written interrogatories or open commission, whichever may be selected by respondent, and that, if respondent select an oral examination, the parties shall bear their own expenses. As so modified, order affirmed, without costs, and without prejudice to renewal of an application for an open commission to take place in Detroit, Michigan, if, after an examination by written interrogatories, it shall be shown that such examination was insufficient and that an oral examination is necessary. In view of the broad nature of the inquiry sought by respondent, which may require an examination of many persons having a variety of connections with the alleged harmful product and the production of many documents, it was an improvident exercise of discretion to direct an examination before trial in this State. (*Rasmussen* v. *New York Central R. R. Co.,* 275 App. Div. 957.) Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ., concur. Settle order on notice within ten days from the date of this decision.

■ JOHN D. BRIGHT, as Receiver of the Property of FREDERICK W. SEWARD, Appellant, v. GOSHEN SANITARIUM COMPANY, Respondent.— In an action to recover a loan made to respondent by one Seward, of whose personal property and rents and profits of real property appellant is the receiver, order granting leave, on terms, to open a default and to serve an answer reversed, with $10 costs and disbursements, and motion denied, with $10 costs. No excuse at all is offered for failure to appear or answer. Despite knowledge of the existence of the default judgment, the application to vacate it was not made for more than a year after its entry. There is no square contradiction of appellant's statement that he did not consent to vacate the judgment. If the claim as to the shifting of indebtedness between respondent and Seward had been timely presented as a defense, his wife could then have renewed her contempt motion on the ground that sequestration was thereby shown to be unavailable. Wenzel, Acting P. J., MacCrate, Beldock, Murphy and Ughetta, JJ., concur.